UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

JOSEPH MARIN,

                    Plaintiff,                    **MEMORANDUM & ORDER**
                                                  20-CV-0279(EK)(LB)
          -against-

U.S. CUSTOMS AND BORDER PROTECTION,

                    Defendant.

---------------------------------------x

ERIC KOMITEE, United States District Judge:

          Plaintiff Joseph Marin, proceeding *pro se*, brings

claims against the United States Customs and Border Protection

agency ("CBP") for violating his (1) Fourth Amendment rights;

and his (2) "Fifth Amendment [right to] protect[ion of his]

privacy."  Compl. at 3.  On a pre-printed form, he alleges:

> Damage[s] to my personal property.  On May 8, 2019,
> Filed complaint with US Customs for 'Claim for Damage,
> injury, or death.  Date of damages April 8, 2019 at
> inspection point at San Juan Seaport, in San Juan, Puerto
> Rico.

*Id.* at 5-6.

          The CBP moves to dismiss the complaint for lack of

subject-matter jurisdiction and failure to state a claim under

Rules 12(b)(1) and (6), respectively, of the Federal Rules of

Civil Procedure.  Marin has taken no action to defend against

this motion.  He declined to submit an opposition brief because

he lacked the "energy or time to write" one.  ECF No. 14-1.  I

1

held a telephonic oral argument on the CBP's motion anyway, but

Marin did not appear.  After that argument, I issued an Order

directing Marin to amend his complaint.  He did not do so.  I

then scheduled a second oral argument, this time in person.

Marin again did not appear.  I heard no argument from the CBP.

This case must be dismissed.  As written, Marin's

complaint does not provide a basis for federal jurisdiction.  It

is well-established that the doctrine of sovereign immunity

precludes suits against the United States and its agencies.

*FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver,

sovereign immunity shields the Federal Government and its

agencies from suit.").  Sovereign immunity is waived only if the

government consents to suit.  *Presidential Gardens Assocs. v.

United States ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132,

139 (2d Cir. 1999).  Thus, to sue a federal agency such as the

CBP, a "plaintiff bears the burden of establishing that [his]

claims fall within an applicable waiver" to the sovereign-

immunity doctrine.  *Makarova v. United States*, 201 F.3d 110, 113

(2d Cir. 2000) (citations omitted).  Because Marin identifies no

waiver applicable to constitutional claims against federal

agencies, this suit must be dismissed.  *See Kouyate v. U.S.

Customs & Border Prot.*, No. 17-CV-4716, 2017 WL 4797833, at *1

(E.D.N.Y. Oct. 23, 2017) (claims of "unspecified constitutional

violations by [the CBP] . . . are barred by sovereign immunity").

For these reasons, the CBP's motion to dismiss the complaint for lack of subject-matter jurisdiction is granted. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     August 17, 2021
           Brooklyn, New York

3